IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SYLVESTER JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:20-CV-949-WHA-JTA |
| | ) [WO] |
| C.O. OGLETREE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, filed this Complaint on November 19, 2020. On December 2, 2020, the Court directed Defendants to file an Answer and Written Report addressing Plaintiff's claims for relief. In compliance with the Court's Order, Defendants submitted an Answer and Written Report which contained relevant evidentiary materials refuting the allegations in the Complaint. Doc. 12. Upon review of the report, the Court issued an Order on February 19, 2021, directing Plaintiff to file a response. Doc. 13. The Order advised Plaintiff his failure to respond to the report would be treated by the Court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 13 at 2. The Order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the directives of the February 19, 2021, Order expired on March 12, 2021. As of the present date, Plaintiff

has failed to file a response in opposition to Defendants' report. The Court, therefore, concludes this case should be dismissed.

The Court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the Court finds dismissal is appropriate. The Court finds the imposition of monetary or other punitive sanctions against Plaintiff would be ineffectual as he is an indigent individual. Plaintiff's inaction in the face of Defendants' report and evidentiary materials refuting his claims suggests a loss of interest in the continued prosecution of this case. And it appears any additional effort by this Court to secure Plaintiff's compliance would be unavailing and a waste of scarce judicial resources. Consequently, the Court concludes Plaintiff's abandonment of this case and his failure to comply with the orders of the Court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice.

The parties may file an objection to the Recommendation **or before May 10, 2021**. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of April, 2021.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE